FILED
2010 Dec-02 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Robin W. Sims,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | |
| **LVNV Funding, LLC, a corporation,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. The Plaintiff, Robin W. Sims, is a natural person who resides in the City of Huntsville, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant LVNV Funding, LLC, is a collection agency operating from an address of 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The Defendant, LVNV Funding, LLC, filed a lawsuit against the Plaintiff, Robin W. Sims, on April 5, 2010. As part of its lawsuit against the Plaintiff, the Defendant stated that Robin W. Sims owed the Defendant, as assignee for Sears Card, the sum of $4,394.79 along with $1,687.60 for interest for a total of $6,082.39 plus additional interest at the rate of 6% per annum from January 15, 2010 until paid, and all costs. See Exhibit A.

7. The Plaintiff was served with this lawsuit by the Defendant. Panicked and upset, she did not know what to do and she spent time and energy worrying about her property and what this would mean to her.

8. The Plaintiff hired a lawyer to defend herself on her lawsuit. An Answer was filed in this lawsuit on April 19, 2010 in the Circuit Court of Madison County. The Plaintiff asserted that the debt she owed to Sears had been paid off over 25 years ago and that any alleged outstanding debt that she may have had was more than six years old and, therefore, violated the statute of limitations. See Exhibit B.

9. As part of her Answer, the Plaintiff submitted an affidavit regarding the alleged debt. The Plaintiff stated that she has never had a contract with the Defendant and has never owed any type of debt at all to the Defendant. The Plaintiff further stated

      that she disputed the debt and that she has not been provided with documentation showing that she incurred the debt with the Defendant. Additionally, the Defendant stated that the only debt she had ever had with Sears was no more than $600, that the debt was paid off over 25 years ago and she has not used the Sears credit card since.  She further stated that the lawsuit violated the statute of limitations as the disputed debt was time-barred. See Exhibit C.

10. The case was set for trial on October 12, 2010. At that time, Madison County Circuit Judge O'Dell entered judgment in favor of Robin W. Sims. See Exhibit D.

11. The conduct of Defendant in harassing Plaintiff Robin W. Sims in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(e) and 1692(f). The Plaintiff further relies upon the case of <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) which provides that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that the limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt."

12.  The Plaintiff was extremely upset, humiliated, scared and embarrassed when she was served with the lawsuit by the Defendant. This public record needlessly humiliated her and others were obviously aware of this lawsuit that had been filed

against her. She also had to work very hard to earn funds to pay an attorney to represent her against the Defendant in the lawsuit filed in the state court.

### *Summary*

13. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions.

### **TRIAL BY JURY**

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. §1692 et seq.**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from the Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant and for the Plaintiff;

| Dated: November 29, 2010 | Respectfully submitted,<br><br>BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.<br><br>By:/s/Ronald C. Sykstus<br>Ronald C. Sykstus, Esq.<br>225 Pratt Avenue<br>Huntsville, Alabama 35801<br>Telephone: (256) 539-9899<br>Direct Voice: (256) 713-0221<br>Facsimile: (256) 539-9895<br>Email: rsykstus@bondnbotes.com |
|---|---|
| | **Attorney for Plaintiff** |